# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE:  ELISABETH A FIERRO,**

       **Petitioner**                                **Case No. 07-mc-37-Orl-22DAB**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **VERIFIED PETITION TO PERPETUATE TESTIMONY (Doc. No. 1)** |
| **FILED:** | **March 19, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Petitioner Elisabeth A. Fierro, a former waitress at Beaches Sandbar, Inc., previously filed suit in Case No. 6:06-cv-808-Orl-22DAB alleging claims for unpaid wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and for breach of oral contract. *See* Doc. No. 1 in Case No. 6:06-cv-808-Orl-22DAB.  In addition, Fierro intended to amend her complaint to allege sex and pregnancy discrimination claims for her termination under Title VII, the Pregnancy Discrimination Act, and the Florida Civil Rights Act, after investigation of the claims by the Equal Employment Opportunity Commission and Florida Commission on Human Relations. *Id.* ¶ 2.  Fierro alleged that Beaches Sandbar qualified as an "employer" for purposes of the FLSA, Title VII, the PDA and the FCRA. *Id.* ¶ 5.  On September 22, 2007, Fierro filed a Settlement Agreement with Beaches Sandbar

for her claims under the FLSA and for breach of contract for accrued unpaid wages.  Doc. No. 17-2 in Case No. 6:06cv808-22DAB.   On October 29, 2006, Judge Conway adopted this Court's recommendation following a fairness hearing to approve the parties' settlement for the full amount of Fierro's alleged unpaid wages and $3,500 in attorney's fees and costs.  Doc. Nos. 19 & 20 in Case No. 6:06cv808-22DAB.

Subsequent to settlement and closure of Case No. 6:06-cv-808-Orl-22DAB, on January 10, 2007, the Florida Commission on Human Rights concluded its investigation and determined based on records supplied from Beaches Sandbar that the Commission had no jurisdiction because Beaches Sandbar lacked the requisite number of employees to constitute an employer within the meaning of the Florida Civil Rights Act of 1992.  Doc. No. 2-2 at 4.  According to the Commission, Florida Statutes § 760.02(7) requires an employer to have at least 15 or more employees during 20 or more calendar weeks for the current or proceeding calendar year in order to be considered an employer. Doc. No. 2-2 at 5.

In her newly-filed miscellaneous action entitled a "Verified Petition to Perpetuate Testimony," Fierro has returned to the Court to obtain corporate records and testimony from Beaches Sandbar under Federal Rule of Civil Procedure 27 in order to "fully evaluate the number of employees that Beaches Sandbar had working for it" during the relevant time period.  Doc. No. 1.  Fierro believes that after working at Beaches Sandbar that it employed fifteen or more employees during the time that she worked there but that "many of these employees" were paid "under table in cash." Doc. No. 1 ¶ 13.  Fierro specifically lists seven employees not listed on the documents submitted to the FCHR.  Doc. No. 1 ¶ 15.  According to Fierro, the information on Beaches Sandbar's payroll for Fierro is itself inaccurate.  Doc. No. 1 ¶ 16.

Notably, Fierro cites no authority in support of her request to use Rule 27 to obtain pre-suit discovery. To the contrary, case law is clear that a Rule 27 Petition is inappropriate for discovering such facts. The purpose of Rule 27 is to allow an anticipated litigant the opportunity to secure or perpetuate evidence so that it will be available to that litigant when the action is eventually filed. *See also In the matter of Allegretti,* 229 F.R.D. 93, 96 (S.D. N.Y. 2005) (holding that Rule 27 may not be used "to discover evidence for the purpose of filing a complaint"). In *In re Landry-Bell,* 232 F.R.D. 266 (W.D. La. 2005), the petitioner sought to utilize a Rule 27 petition in order to conduct a Rule 11 investigation prior to filing suit. *Id.* at 266. That petition, as discussed by the district court, was found to not be authorized under the rule:

> Courts generally agree that to allow Rule 27 to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be an abuse of the rule. Thus, Rule 27 does not allow for pre-suit discovery in order to determine compliance with Rule 11. Simply stated, Rule 27 is not a vehicle for compliance with Rule 11.
>
> Rule 27 simply authorizes the *perpetuation* of evidence, not the discovery or uncovering of it. . . . A person contemplating litigation has no absolute entitlement to early discovery under Rule 27 . Moreover, the refusal to permit discovery prior to the institution of a suit is a ruling with only temporary application. The petitioner is free to seek discovery once the anticipated action has been filed. The overwhelming weight of authority simply does not authorize the use of Rule 27 to conduct the type of pre-suit discovery Petitioner requests herein.

*Id.* at 267 (internal citations and quotations omitted). The petitioner in *Landry-Bell* did not seek to perpetuate any known or anticipated evidence as contemplated by the rule; rather, she attempted to use Rule 27 as a vehicle to *uncover* facts which may support a future action against the respondents. *Id.; see also In re Ferkauf*, 3 F.R.D. 89 (S.D. N.Y. 1943) (employee's petition to perpetuate testimony of employer for use in contemplated action against employer for unpaid over-time wages under Fair

Labor Standards Act was denied where petition had effect of showing that the jurisdiction was not made and, as shown by affidavit, the prospective adverse party, a corporation, had been dissolved).

Petitioner wishes to assert claims against Beaches Sandbar under Title VII, the Pregnancy Discrimination Act, and the Florida Civil Rights Act. Title VII of the Civil Rights Act of 1964 makes it unlawful for "an employer . . . to discriminate against any [employee] with respect to . . . sex," 42 U.S.C. § 2000e-2(a)(1), and defines "employer" as "a person . . . who has fifteen or more employees," § 2000e(b). The Pregnancy Discrimination Act amended Title VII to include, within the definition of discrimination based upon sex under Title VII, discrimination based upon pregnancy. 42 U.S.C. § 2000e(k). The Florida Civil Rights Act is patterned after Title VII, and therefore federal case law regarding Title VII is applicable. *Maldonado v. Publix Supermarkets,* 939 So.2d 290, 293 (Fla. 4th DCA 2006).

The United States Supreme Court has recently confirmed that Title VII's fifteen-employee-numerosity requirement is an element of a plaintiff's claim for relief, not a jurisdictional issue; thus, it is generally an issue for the jury to decide as a contested fact. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1237-38 (2006). Fierro has already alleged that she met the employee-numerosity requirement in Case No. 6:06-cv-808-Orl-22DAB, a case which settled without the numerosity issue being raised. Plaintiff also alleges very specifically that Beaches Sandbar employed seven more people than it disclosed during the FCHR investigation. This would be an issue of contested fact that must be ascertained during discovery once suit is filed. A Rule 27 Petition is not the appropriate vehicle to discover the number of employees working at Beaches Sandbar prior to filing suit.

**DONE** and **ORDERED** in Orlando, Florida on April 13, 2007.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-4-

Copies furnished to:

Counsel of Record